UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHANNA M. PICHARDO, on behalf of a minor,
S.J.P.,

                                  Plaintiff,

-against-

NANCY A. BERRYHILL,
Acting as Commissioner of Social Security,

                                 Defendant.

17-cv-6908 (NSR)(PED)

ORDER AND OPINION

NELSON S. ROMÁN, United States District Judge:

Plaintiff Johanna M. Picardo, on behalf of a minor, S.J.P. ("Plaintiff"), commenced this action, pursuant to 42 U.S.C. § 405(g), challenging the administrative decision of the Commissioner of Social Security ("the Commissioner"), which denied Plaintiff's request for a waiver of overpayments of Supplemental Social Security Income ("SSI") benefits under the Social Security Act (the "Act"). This case was referred to Magistrate Judge Paul E. Davison ("MJ Davison"), pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), to issue a Report and Recommendation ("R & R") on Defendant's motion for judgement on the pleadings pursuant to Rule 12(c). (ECF No. 7.) Despite an extension of time, Plaintiff did not file any opposition to the motion. Now before the Court is MJ Davison's R & R, recommending that Defendant's motion be granted in part and denied in part, and that the case be remanded for further administrative proceedings. (Docket No. 14.) For the following reasons, the Court adopts MJ Smith's R & R in its entirety, and Defendant's Motion for Judgement on the Pleadings is granted in part and denied in part, and the action is remanded for further proceedings.



1

# BACKGROUND

The following facts are summarized and taken from the administrative record and the parties' submissions.

Plaintiff is the representative payee of her minor son, S.J.P., a recipient of SSI benefits. AR-12. S.J.P. receives benefits based on his disabilities. Id. On or about March 4, 2008, the New York City Family Court issued an order directing S.J.P.'s father to make biweekly payments to Plaintiff in the amount of $159.90 as child support. AR-17-18. On March 31, 2010, together with her obligation to provide "redetermination information" in support of S.J.P.'s continued eligibility for SSI benefits, Plaintiff reported that she was receiving $320.00 in monthly child support payments as March 2008. AR-21. On or about April 29, 2010, the Social Security Administration ("SSA") notified Plaintiff that it had overpaid S.J.P.'s SSI benefits in the total amount of $4,639.92, for the period of May 2008 through April 2010, because her income records did not include the child support income. AR-26-32. The SSA provided Plaintiff with a Notice of Overpayment (the "Notice") which included a summary for each month at issue, the amount incorrectly paid, and the amount that should have been paid. AR-30-31. The Notice also provided an explanation that monthly SSI benefits are calculated based on income from two months prior. AR-32.

On or about November 16, 2012, the SSA sent Plaintiff a second Notice indicating it had overpaid S.J.P.'s SSI benefits. AR-35. Though the second Notice referenced that a more detailed statement was enclosed, the statement was not contained within the record. Id. SSA's internal records, however, reveals that the second Notice provided a statement of overpayment in the amount of $8,948.88 for the months of March 2011 through October 2012. AR-132.

Regarding the overpayment made for the months of May 2008 through April 2010, the SSA waived a portion of the total amount originally sought and indicated it would seek to $4,236.80. AR-132-33. The SSA also made a subsequent decision to collect $400.00 at 10%. Id. Plaintiff did not seek a waiver of that determination. Id. The SSA also waived a portion of the total amount overpaid for the month of March 2011 through October 2012 seeking recover payment of $8,947.45 Id. Accordingly, the SSA sought to collect a total of $13,184.25 in SSI benefits overpaid to S.J.P. AR-133.

Plaintiff's sought a waiver of all overpayments made and sought to be recovered. AR-41-49. In her application, Plaintiff indicated that the overpayment was not her fault, she could not afford to repay the monies sought, re-payment of the monies was unfair, and the overpayment was due to a miscalculation. AR-41-43. Plaintiff also asserted that she was an employee at Good Shepherd Services, with a net monthly salary of $2,835.98 and that she received $319.80 in monthly child support. AR-45.

On June 18, 2014, SSA denied Plaintiff's request to waive collection of the $13,184.25 overpayment, on the ground that Plaintiff's "bank account balances were over the resources limit of $2,000.00 and child support income was not reported to SSA. AR-54. On or about August 12, 2014, Plaintiff requested reconsideration of SSA's determination. AR-125. Plaintiff purportedly submitted a request for a hearing form which the SSA deemed a request for reconsideration. AR-125, 128.

On August 29, 2016, Plaintiff appeared before Administrative Law Judge Tom Grabeel ("ALJ Grabeel") for a hearing and proffered testimony. AR-91, 93-94, 98, 141-159. Plaintiff testified she was a single mother of two disabled boys, always reports her income but was unable to do so in a timely manner because of her work demands and schedule. AR-145. She mailed

copies of her pay stubs to SSA and had her oldest son would hand deliver the pay information to SSA staff. Id. Although she tried to timely comply with all SSA reporting requirements, she was constantly trying to figure out how to contact them in order to meet her reporting responsibility in a timely fashion. AR-146.

Plaintiff testified that the alleged excess funds in her bank account were tax refunds which she was saving and monies that she was holding on behalf of her father who was having marital problems. AR-146-47. Plaintiff also claimed that she changed her employment to that of a substitute teacher with a variable monthly income. AR-147-48. In addition to Plaintiff's testimony, monthly bank records were introduced for November 2010 through October 2012 (with the exceptions of February 2011 and May 2011 through September 2011) which showed combined savings and checking account balances ranging from $2,267.35 to $8,403.97. (AR-105-06, 108). Agency records also showed that Plaintiff possessed $5.000.00 in cash from March 2011 to October 2012. (AR-114.)

By decision dated November 2, 2016, ALJ Grabeel determined Plaintiff was overpaid benefits in the amount of $13,184.25, that she was at fault in causing the overpayment, and therefore recover of the overpayment is not waived. AR-12-15. Plaintiff appealed ALJ Grabeel's decision to the Appeals Council, who denied her request for review on August 21, 2017. AR-5. The Appeals Council's decision is deemed the final decision. Plaintiff timely filed this action on September 11, 2017.

By order of reference, the instant matter was referred to MJ Davison. On February 20, 2018, Defendant filed a motion pursuant to Rule 12(c) seeking judgment on the pleadings. Plaintiff did not oppose the motion. On August 20, 2018, MJ Davison issued his R & R. The respective

4

parties initially had until September 4, 2018 to file any objection to the R & R. The deadline to object was subsequently extended until October 4, 2018.

## STANDARD OF REVIEW

**Review of SSA Decision**

It is well settled that judicial review of SSI benefit determinations is limited to "final" decisions of the Commissioner made after a full hearing. See 42 U.S.C. § 405(g); *Jones v. Astrue*, 526 F. Supp. 2d 455, 459 (S.D.N.Y. 2007). 42 U.S.C. § 405(g) has been interpreted to require that administrative procedures generally be exhausted before judicial review is possible. *Dietsch v. Schweiker*, 700 F.2d 865, 867 (2d Cir. 1983). A court's review of a final decision by the Commissioner is limited to determining whether the conclusions reached were supported by substantial evidence in the record and whether the proper legal standards were applied. See *Tipadis v. Comm'r of Soc. Sec.*, 284 F. Supp. 3d 517, 521 (S.D.N.Y. 2018) citing *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (per curiam). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Patterson v. Colvin*, 24 F. Supp. 3d 356, 365 (S.D.N.Y. 2014) quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotes and citations omitted). The "substantial evidence" standard is a very deferential standard of review, even more so than clearly erroneous standard, and once an ALJ finds facts, a reviewing court may reject those facts only if a reasonable factfinder would have to conclude otherwise. *Patterson v. Colvin*, 24 F. Supp. 3d 356 (S.D.N.Y. 2014) (internal citations omitted).

**Waiver of Recovery of SSI Overpayments**

An overpayment of SSI benefits occurs when a "payment has been made to any person" of "more than the correct amount." 42 U.S.C. § 404(a)(1); *Chlieb v. Heckler*, 777 F.2d 842, 847 (2d

Cir. 1985) The Act permits a waiver of overpayment recovery when: (1) the overpaid person is without fault, and (2) recovery would defeat the purpose of the Act or would be against equity and good conscience. 42 U.S.C. § 404(b); 20 C.F.R. § 404.506(a); *Ming v. Astrue*, No. 07-CV-4567 (DLE SMG), 2009 WL 2495947, at *4 (E.D.N.Y. Aug. 13, 2009). Absent the requisite showing, the SSA is authorized to recover the overpayment pursuant to its regulations. 42 U.S.C. § 404(a)(1)-(A). The burden is on the recipient of the benefits to demonstrate that the overpayment was not his or her fault, and that recovery of the funds be would either be inequitable or would defeat the purposes of the Act. *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1042 (2d Cir. 1984). Upon a showing that the recipient of the overpayment is without fault, the ALJ need not determine whether recovery of the overpayment would defeat the purpose of the Act or would be against equity, "since those factors come into play only if the recipient is without fault." *Langella v. Bush*, 161 F. App'x 140, 142 (2d Cir. 2005) quoting *Chlieb v. Heckler*, 777 F.2d at 846.

**Report and Recommendation**

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and

recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (*quoting Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County,* 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS,* 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R & R, those parts must be reviewed *de novo*. 28 U.S.C. 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at *18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on the whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

**DISCUSSION**

Neither party timely objected to the R & R. Thus, the Court reviews the R & R for clear error. In granting in and part and denying in part Defendant's motion, MJ Davison determined, *inter alia*, that substantial evidence supports the Commissioner's finding that Plaintiff became ineligible for SSI benefits in June 2008, and remained ineligible through the date of the decision. Further, the ALJ's determination that Plaintiff's testimony lacked credibility is entitled to deference. Plaintiff has not satisfied her burden of demonstrating that her resources fell below the statutory ceiling which is required to maintain SSI eligibility. Further, the ALJ's finding that the Plainitff had more than $2,000 in resources in June of 2008, and continued to possess resources in excess of the statutory ceiling through the date of decision is entitled to deference. The ALJ's determinations that Plaintiff was not without fault for causing or accepting the overpayments, and that Plaintiff did not meet her burden of establishing otherwise, is given great deference. However, Defendant did not carry its burden of demonstrating that Plaintiff had been overpaid in an amount, in particular for the period of March 2011 through October 2012.[1] The amount is conclusory without any analysis as to how the amount was arrived at, or indication that the payments were actually received. The ALJ's assertion that it had overpaid Plaintiff over certain periods of time, without more, does not withstand the substantial evidence standard of review. Accordingly, the Court adopts MJ Davison's R & R and finds no clear error.

**CONCLUSION**

For the reasons stated above, the Court adopts MJ Davison's R & R in its entirety. Defendant's Motion for Judgment on the Pleadings is GRANTED to the extent that the ALJ's determination that Plaintiff was not without fault in causing the overpayment(s) is supported by

---

[1] MJ Davison referred to the relevant time frame in the R & R as "sequence 2."

substantial evidence. The Court, however, agrees with MJ Davison that the motion must be DENIED to the extent of remanding the matter back to the SSA for a determination, supported by substantial evidence, as to the amount of the overpayment. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 11, to remand the matter for further proceedings consistent with this Opinion, to mail a copy of this Opinion to Plaintiff, and to show proof of service on the docket.

Dated: October 26, 2018
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN